By the Court.
One' William MinYoung died testate, leaving Delila MinYoung, his widow, and real and personal property of the value of 125,000 to 180,000. -He was the father of the defendant in error, William H. MinYoung, and of Mrs. Emma Predmore, both of whom survived him. A copy of the will is as follows :
“ 1. It is my desire that all of my just debts and funeral expenses shall be paid.
“ 2. I devise and bequeath to my wife Delila MinYoung, *502 all of my remaining property of whatever kind real and personal, to be held and used by her as follows, to wit:
“She’ shall use for her own comfort and convenience, all that in her judgment is necessary. Out of said property she shall also support, educate and maintain our son William H. MinYoung until he arrives at the age of twenty-one years: all this is on the condition that said Delila shall remain my widow. In case she marries again then she shall have out of my estate just what the law allows to be given to her, and the remainder of my said property shall be equally divided between our children Emma Predmore and William H. MinYoung. In case either of our said children should be deceased leaving child or children, then such children shall be entitled to the same share that their parent would be entitled .to receive if living.
“ In case my said wife shall remain my widow during her life-time she shall have complete control over said property, and what remains at the time of her decease shall be divided in the same manner to the child or children as provided for in the case of the marriage of my said wife,
“ 8. I do hereby nominate and appoint my wife executor of this my last will and testament. She shall not be required to give any bond to qualify her to act as such nor make any appraisement of my personal property nor any settlement with the court except upon condition that she shall re-marry; and I hereby fully authorize and empower her to sell any or all real estate and make a good and sufficient title thereto, as well as personal property without any intervention or control of any court whatever.
“ 4. I do hereby revoke all former wills by me made.
“ In witness whereof I hereunto set ray hand and seal this 22nd day of June, A. d. 1874.
“ William MinYoung. [Seal.] ”
The widow declined the trust as executrix, and an administrator with the will annexed was appointed.
The original action was brought by Lizzie A. MinYoung against her husband William H. MinYoung, seeking a divorce and for alimony, and asking that the same be charged *503 upon the interest of William H. in the property devised by the will. The widow and the administrator were also made parties. At the trial the plaintiff obtained a decree of divorce, and for alimony in the sum of $2,500, which was declared a lien on the interest of William H. in and to the real estate described in her petition, subject to the right of the widow, and William H. was enjoined from conveying or incumbering his interest in the real or personal estate until the amount of the alimony should be paid.
Held: By the will the widow took a life interest and a life support in the property with the right to control it and to use both personal and real estate, including principal as well as interest and income, so far as may be reasonably necessary “ for her own comfort and convenience,” subject to the trust of supporting and educating her son until he should arrive at the age of twenty-one years. The children named took an estate in remainder to what may be left when this object shall have been accomplished, vested in interest though contingent as to amount.
2. Such estate in remainder was real and personal property of the husband within the meaning of section 5699 Revised Statutes, and it was not error to charge the decree for alimony upon such estate in remainder of the said William H., subject to the right of the widow.

Judgment affirmed.